

**BY FAX**

1    LAURA J. BAUGHMAN (SBN 263944)
     BARON & BUDD, P.C.
2    3102 Oak Lawn Ave., Ste. 1100
     Dallas, TX 75219
3    -and-
     1999 Avenue of the Stars, Suite 3450
4    Los Angeles, CA 90067
     lbaughman@baronbudd.com
5    Telephone: 214-521-3605
     Facsimile: 214-520-1181
6
     APRIL STRAUSS (SBN 163327)
7    LAW OFFICE OF APRIL STRAUSS
     2500 Hospital Drive, Suite 3B
8    Mountain View, CA  94040
     Telephone: 650-281-7081
9    Fax: 408-774-1906

10   Attorneys for Plaintiff

11

12              IN THE UNITED STATES DISTRICT COURT

13             FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

15   April Kyle, Individually and on Behalf of All   )   CIVIL ACTION
     Others Similar Situated,                        )   No. CV10 8452 JFW (MANx)
16                      Plaintiff,                    )
                                                      )   **CLASS ACTION COMPLAINT**
17        vs.                                         )
                                                      )   **DEMAND FOR JURY TRIAL**
18   GIB, LLC, and DOES 1-100, inclusive,             )
                                                      )
19                      Defendant.                    )
                                                      )
20                                                    )
                                                      )
21                                                    )
                                                      )
22                                                    )
                                                      )
23                                                    )
                                                      )
24                                                    )

25

26

27

28

- 1 -

1    Plaintiff, April Kyle ("Plaintiff") on behalf of herself and all others similarly situated,

2   based on information and belief and investigation of counsel, except for information based on

3   personal knowledge, hereby makes the following allegations:

4   ## NATURE OF THE ACTION

5   1.    This is a class action on behalf of all persons and entites within the United States who

6   purchased Brazilian Blowout Solution or Brazilian Blowout Acai Professional Smoothing

7   Solution.

8   ## JURISDICTION AND VENUE

9   2.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

10   1332(d)(2) because the matter in controversy in this civil action exceeds the sum or value of

11   $5,000,000, exclusive of costs and interest, and this is a class action in which members of the

12   Class are citizens of states other than California, where Defendant is registered and has its

13   principal place of business.

14   3.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of

15   the events or omissions giving rise to Plaintiff's claims occurred within this District, including

16   Defendant's scheme to deceive consumers about the formaldehyde-free nature of Brazilian

17   Blowout Solution and/or other Brazilian Blowout products.

18   4.    Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant resides in

19   this District.

20   5.    Defendant resides in this District for purposes of 28 U.S.C. § 1391 because it is subject to

21   general personal jurisdiction in this District.  Defendant has continuous and systematic contacts

22   with the State of California and this District through maintaining its business headquarters and

23   principal place of business in this District, and marketing, distributing, and selling Brazilian

24   Blowout to residents in this District.  Defendant is also subject to specific personal jurisdiction in

25   the State of California and this District because its contacts with this District gave rise to the

26   instant action.

27

28

**PARTIES**

6.      Plaintiff April Kyle ("Plaintiff") is a resident of the State of Texas.  Plaintiff purchased Brazilian Blowout Solution from Defendant on or about April or May 2010.

7.      Defendant GIB, LLC ("Defendant"), doing business as "Brazilian Blowout," is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 6855 Tujunga Avenue, North Hollywood, CA  91605.  Defendant advertises, promotes, offers for sale, and sells hair straightening products, including Brazilian Blowout Solution and Brazilian Blowout Acai Professional Smoothing Solution.

8.      Plaintiff believes and is informed, and on that basis alleges that at all times relevant to this Complaint, each of the Defendants identified herein and/or who may later be identified in any subsequent versions of this Complaint was the agent and/or employee of each of the remaining Defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

**FACTUAL ALLEGATIONS**

9.      Brazilian Blowout Solution is a hair-straightening product that is advertised, marketed, and sold by Defendant GIB, LLC to hair stylists, salons and others around the country.  On its website, Defendant has consistently made the affirmative representation that Brazilian Blowout Solution is "formaldehyde-free."

10.     Before Plaintiff purchased Brazilian Blowout Solution, she visited Defendant's website, www.brazilianblowout.com, and reviewed information about the product, including Defendant's claim that the product is "formaldehyde-free."  Plaintiff relied upon that representation when making her decision to purchase this product.  Had Plaintiff known that the product contained formaldehyde, she would not have purchased it.

11.     Defendant does not and has not provided a listing of the ingredients of Brazilian Blowout Solution on the container or packaging of the product itself or on its website.  Defendant's failure to provide an ingredient listing is a violation of the Safe Cosmetic Act of 2010 and the Food Drug and Cosmetic Act of 1938 (amended).

12.     The Material Safety Data Sheet (MSDS) for Brazilian Blowout Solution lists no hazardous ingredients or impurities.  The MSDS also identifies no respiratory hazards or related precautions.

13.     Defendant also advertises, markets and sells a related product named Brazilian Blowout Acai Professional Smoothing Solution.  Defendant labels this product as "formaldehyde-free."

14.     Recent testing of Brazilian Blowout Solution and Brazilian Blowout Acai Professional Smoothing Solution by Oregon OSHA, a division of the Oregon Department of Consumer and Business Services, ("Oregon OSHA") and others has confirmed that Brazilian Blowout Solution and Brazilian Blowout Acai Professional Smoothing Solution contain formaldehyde at unacceptable levels (i.e., at greater than 0.1%).  Sampling of the air in the breathing zone of hair stylists conducted by Oregon OSHA found that stylists breathe formaldehyde during and after use of Brazilian Blowout Solution and Brazilian Blowout Acai Professional Smoothing Solution on their clients.  Formaldehyde is known to be a volatile chemical.

15.     Defendant's response to Oregon OSHA and others test results demonstrating that Brazilian Blowout Solution and Brazilian Blowout Acai Professional Smoothing Solution contain formaldehyde and that the use of these products results in hair stylists, their customers and others in the vicinity being exposed to formaldehyde has been to continue to insist that its products are "formaldehyde-free."  For example, on September 29, 2010 Defendant issued an "Official Statement" declaring its professional solution to be "formaldehyde-free" and on October 5, 2010, Defendant issued another statement, claiming that test results demonstrate that its product is safe and that the level of formaldehyde found allows for the use of the term "formaldehyde-free."

16.     When Brazilian Blowout Solution and Brazilian Blowout Acai Professional Smoothing Solution are used as directed, hair stylists are exposed to formaldehyde via inhalation and dermal absorption.  Defendant provides instructions to hair stylists on how to use these products on its website, including a video and a test that allow hair stylists to become "certified."  Defendant instructs stylists to do the following steps (among others), in this order: apply Brazilian Blowout Solution (or the Brazilian Blowout Acai Professional Smoothing Solution) to their clients' hair,

blow the hair dry, and apply a heated flat iron to the hair. Defendant does not instruct hair stylists to use any type of protection, such as gloves, on their hands while using Brazilian Blowout Solution or Brazilian Blowout Acai Professional Smoothing Solution. Use of a hair dryer and a heated flat iron on hair with Brazilian Blowout Solution or Brazilian Blowout Acai Professional Smoothing Solution on it results in the aerosolization of formaldehyde and the inhalation of formaldehyde by hair stylists and others in the vicinity.

17.     Formaldehyde is a human carcinogen. Exposure to formaldehyde can cause eye, nose, throat and respiratory tract irritation, loss of sense of smell, increased upper respiratory disease, dry and sore throats, cough, chest pain, shortness of breath and wheezing. Dermal exposure to formaldehyde can cause primary skin irritation and allergic dermatitis. Formaldehyde is a sensitizer, which means it can cause allergic reactions in some individuals and can cause reactions to certain exposed individuals in the future at much lower levels if exposure.

18.     The levels of formaldehyde in Brazilian Blowout Solution and Brazilian Blowout Acai Professional Smoothing Solution and the levels of formaldehyde in the air as a result of using these products are high enough to cause, and have been documented to cause, eye, nose, throat and respiratory tract irritation, dry and sore throats, cough, and skin irritation.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action on behalf of herself and a class of persons initially defined as follows:

> All persons and entities within the United States who purchased Brazilian Blowout Solution or Brazilian Blowout Acai Professional Smoothing Solution.

(the "Class"). Excluded from the Class are GIB, LLC; its parent, subsidiaries, and affiliates; any person or entity who is a partner, officer, director, employee or controlling person of any of the foregoing entities; members of such persons' immediate families and their legal representatives, heirs, successors, or assigns; any entity in which GIB has or had a controlling interest; and any Judge to whom this case is assigned as well as his or her immediate family and staff.

20.     This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23(b)(2) and/or (b)(3) because there is a well-defined

community of interest in the litigation and membership in the proposed Class is easily ascertainable.

21. **Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable. Defendant advertised and sold the products at issue throughout the United States. Although the exact numbers are unknown to Plaintiff at this time and can be ascertained only through appropriate discovery and investigation, Plaintiff believes that there are at least tens of thousands of members of the proposed Class. The disposition of the numerous claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

22. **Existence and predominance of common questions:** There is a well-defined community of interest in the questions of law and fact involved in this action and affecting the Class. These common questions of law and fact substantially predominate over any questions that may affect only individual Class members. Among these common questions of law and fact are:

      a.  Whether Defendant represented that the products at issue herein were formaldehyde-free;

      b.  Whether the Defendant's products at issue herein contained formaldehyde;

      c.  Whether Defendant failed to disclose that the products at issue herein contained formaldehyde;

      d.  Whether the uniform communications from Defendant to Class members as detailed herein included misleading and inaccurate statements about the presence of formaldehyde in Defendant's products at issue herein;

      e.  Whether Defendant's uniform course of conduct was unreasonable and unconscionable or constitutes acts of unfair competition, misleading or deceptive acts or practices, intentional, reckless or negligent misrepresentation or concealment of material facts;

      f.  Whether Defendant's above-referenced representations about the formaldehyde-free nature of its products are unfair, unlawful, misleading and/or likely to deceive consumers;

1     g. Whether Defendant has omitted and/or suppressed material health risk

2   information in its labeling and marketing of its Brazilian Blowout products;

3     h. Whether Defendant intentionally, recklessly, negligently or otherwise

4   misrepresented to Class members the facts as detailed herein, or omitted to disclose material

5   facts necessary in order to make Defendant's other statements not misleading for want of

6   disclosure of such omitted facts;

7     i. Whether Defendant knew, recklessly disregarded or reasonably should have

8   known about the material misstatements and omissions in its uniform statements regarding the

9   facts as set forth herein;

10    j. Whether Defendant continued to retain the monies here at issue despite its

11  knowledge of or reckless or negligent disregard for the true facts;

12    k. Whether Defendant fraudulently, recklessly, negligently or otherwise concealed

13  the true facts at issue in this action;

14    l. When Defendant initiated this scheme to mislead Class members;

15    m. The amount of revenues and profits Defendant received and/or the amount of

16  monies or other obligations imposed on or lost by Class members as a result of such wrongdoing;

17    n. Whether Class members are threatened with irreparable harm or are otherwise

18  entitled to injunctive and other equitable relief;

19    o. Whether Class members are entitled to payment of equitable monetary relief,

20  actual, incidental, consequential, exemplary and/or statutory damages, plus interest thereon;

21    p. Whether Defendant's conduct constitutes the violations of law alleged herein;

22    q. Whether Class Members are entitled to the imposition of a constructive trust as a

23  result of, among other things, Defendant's unjust enrichment.

24  23. Plaintiff and all members of the Class have sustained damages arising out of Defendant's

25  wrongful conduct as detailed above based on the same transactions, the same misrepresentations

26  and material omissions, and the same unlawful, unfair, and fraudulent business practices, in

27  uniform conduct and statements to Plaintiff and the Class.

28

24.     **Typicality:**  Plaintiff asserts claims that are typical of the claims of the entire Class, as their claims arise from the same course of conduct by Defendant and are based on the same legal theories.

25.     **Adequacy:**  Plaintiff will fairly and adequately represent and protect the interests of the other Class members and has no interests antagonistic to those of other Class members.  Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature to represent her.  Plaintiff anticipates no difficulty in the management of this litigation as a class action.

26.     **Superiority:**  Proceeding as a class action provides substantial benefits to both the parties and the Court because this is the most efficient method for the fair and efficient adjudication of the controversy under the causes of action asserted in terms of resolving the claims of Plaintiff and the absent Class members.  Class members have suffered and will suffer irreparable harm and damages as a result of Defendant's wrongful conduct.  Because of the nature of most of the individual Class members' claims, few, if any, could otherwise afford to seek legal redress against Defendant for the wrongs complained of herein, and a representative class action is therefore appropriate, the superior method of proceeding, and essential to the interests of justice insofar as the resolution of Class members' claims.  Absent a representative class action, Class members would continue to suffer losses for which they would have no remedy; and Defendant would collect and retain the proceeds of its ill-gotten gains.  Even if separate actions could be brought by individual members of the Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants, as well as create a risk of inconsistent rulings which might be dispositive of the interests of the other Class members who are not parties to the adjudications and/or may substantially impeded their ability to protect their interests.

27.     In the alternative, the Class may be certified because:

        a.   the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendant, FRCP 23(b)(1)(A);

b.   The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests, FRCP 23(b)(1)(B); and

c.   Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive relief with respect to the members of the Class as a whole, FRCP 23(b)(2).

**FIRST CAUSE OF ACTION**
**(Fraud and Deceit)**

28.   Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

29.   The conduct of Defendant constitutes a fraud against Plaintiff and members of the Class. Defendant, directly or through its agents and employees, made false representations, concealments, and nondisclosures to Plaintiff and the members of the Class knowing the falsity of its representations, concealments and nondisclosures as described above, with the intent to defraud Plaintiff and the Class.

30.   Plaintiff and members of the class relied upon these false representations, concealments, and nondisclosures by Defendant in purchasing Defendant's Brazilian Blowout products, which reliance was justified.  As a result, Plaintiff and members of the Class sustained damages.  Had Plaintiff and members of the Class known the true facts, they would not have purchased the products at issue herein and/or would not have purchased them at the price at which they were offered.

31.   Defendant, directly and indirectly, actually made uniform and substantially similar misrepresentations and material omissions to Plaintiff and each member of the Class, as set forth above.

32.   Defendant's representations and omissions regarding the presence of formaldehyde in its Brazilian Blowout products were made with knowledge or with reckless disregard of the laws of California prohibiting false and misleading statements.

33.   Defendant:

      a.   made representations, as facts, which were not true and Defendant did not believe to be true at the time made;

      b.   made assertions, as facts, which were not true and Defendant had no reasonable grounds for believing to be true at the times they were made; and/or

      c.   suppressed facts, which it was bound to disclose, or gave information of other facts which were likely to mislead for want of communications of the suppressed facts.

34.   As a result of Defendant's wrongful conduct, Plaintiff and the members of the Class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the monies paid to GIB, LLC for its Brazilian Blowout products that contain formaldehyde, taxes paid on those amounts, and any interest that would have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

35.   The wrongful acts of Defendant were done maliciously, oppressively and with the intent to defraud, and Plaintiff and members of the Class are entitled to punitive and exemplary damages in an amount to be ascertained according to proof, which is appropriate to punish, deter, and set an example of Defendant.

## SECOND CAUSE OF ACTION
### (Negligent Misrepresentation)

36.   Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

37.   Defendant, directly or through its agents and employees, made false representations, concealments, and nondisclosures to Plaintiff and members of the Class.

38.   In making the representations of fact to Plaintiff and members of the Class described herein, Defendant has failed to fulfill its duties to disclose the material facts set forth above. The direct and proximate cause of said failure to disclose was the negligence and carelessness of Defendant.

39.     In making the representations and omissions, and in doing the acts alleged above, Defendant acted without any reasonable grounds for believing the representations were true, and intended by said representations to induce the reliance of Plaintiff and members of the Class.

40.     Plaintiff and members of the Class relied upon these false representations, concealments and nondisclosures by Defendant when purchasing the products at issue herein, which reliance was justified.

41.     As a result of Defendant's wrongful conduct, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid to GIB, LLC for the Brazilian Blowout products at issue herein, taxes paid on those amounts, and any interest that would have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

### THIRD CAUSE OF ACTION
(Unlawful, Unfair and/or Fraudulent Business Practices
in Violation of California Business and Professions Code §17200, et seq.)

42.     Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

43.     California Business and Profession Code § 17203 prohibits the commission of any "unlawful, unfair or fraudulent business act or practice."

44.     By committing the acts and practices alleged above, Defendant, and each of them, have violated California Business and Professions Code § 17200, et seq. (the "UCL").

45.     Defendant's misrepresentations and withholding of the material facts set forth above defrauded the general public through deceit, fraud and/or negligent misrepresentation in violation of California Civil Code §§ 1572, 1709 and 1710, and California Business and Professions Code § 17500 et seq., as well as principles of common law.  Thus, Defendant's conduct constitutes unlawful business practices under the UCL.

46.     Plaintiff reserves the right to allege additional violations of law.

47.     Defendant has also violated California Business and Professions Code §17200's proscription against engaging in unfair and fraudulent business practices by engaging in the

1  conduct described above.  Defendant's acts and practices have and/or are likely to deceive

2  members of the consuming public.

3  48.     Defendant's labeling, advertising and sale of its Brazilian Blowout products that contain

4  formaldehyde constitute unfair business acts and practices under the UCL because they offend

5  established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or

6  substantially injurious to its customers in that Defendant deceptively, misleadingly, unfairly and

7  unlawfully claims that certain of its products are formaldehyde-free when they, in fact, contain

8  formaldehyde.  Additionally, Defendant deceptively, misleadingly, unfairly and unlawfully

9  failed to disclose that certain of its products contain formaldehyde.  That conduct has caused

10  substantial injury to Plaintiff and the Class in that they have expended money for products that

11  have not been proven to have those health benefits.  The injuries suffered by Plaintiff and the

12  Class are not outweighed by any countervailing benefits to Defendant or competition in general,

13  and Plaintiff and the Class could not have reasonably avoided their injuries.

14  49.     All of the conduct alleged herein occurred in the course of Defendant's business.

15  Defendant's wrongful conduct was part of a pattern or generalized course of conduct.

16  50.     Plaintiff and members of the Class suffered injury in fact and lost money or property as a

17  result of the practices complained of herein in that they would not have purchased the products at

18  issue and/or paid as much for them if they had known that Defendant's Brazilian Blowout

19  products, in fact, contained formaldehyde.

20  51.     Plaintiff and the Class members are thus entitled to injunctive relief and restitution in an

21  amount to be proven at trial.

22                          **FOURTH CAUSE OF ACTION**
23                    **(Deceptive Advertising Practices in Violation of**
                      **California Business and Professions Code §§17500, et seq.)**
24  52.     Plaintiff incorporates by reference in this cause of action each and every allegation of the

25  preceding paragraphs, with the same force and effect as though fully set forth herein.

26  53.     California Business and Professions Code § 17500 prohibits "unfair, deceptive, untrue or

27  misleading advertising."

28

- 12 -

54.     Defendant violated California Business and Professions Code § 17500 by, *inter alia*, (a) misleadingly advertising that certain of its products were "formaldehyde-free" in print, online and elsewhere; and (b) concealing material information about the true nature of certain of its products, in that they contain formaldehyde.

55.     Defendant's deceptive practices were specifically designed to induce Plaintiff and members of the Class to purchase Brazilian Blowout Solution and/or other Brazilian Blowout products that contain formaldehyde over those of its competitors.  Defendant's deceptive practices were carried out in print, on-line, on Defendant's website, and through e-mail and other broad-based media, in order to induce Plaintiff and the Class to purchase these products.

56.     The content of the advertisements, as alleged herein, were of a nature likely to deceive a reasonable consumer.

57.     Defendant knew, or in the exercise of reasonable case, should have known, that the representations were untrue or misleading and likely to deceive reasonable consumers.

58.     Defendant's misrepresentations and omissions alleged herein are objectively material to the reasonable consumer, and reliance upon such misrepresentations and omissions may therefore be presumed as a matter of law.  The materiality of such representations and omissions also establishes causation between Defendant's conduct and Plaintiff's and the Class' injuries.

59.     Unless restrained by this Court, Defendant will continue to engage in misleading advertising, as alleged above, in violation of California Business and Professions Code § 17500.

60.     As a result of the foregoing, Plaintiff and members of the Class have been injured and lost money or property, and they are entitled to restitution and injunctive relief.

**FIFTH CAUSE OF ACTION**
**(Unjust Enrichment)**

61.     Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

62.     By its wrongful acts and omissions, Defendant was unjustly enriched at the expense of Plaintiff and members of the Class, who did not receive the goods to which they were entitled,

- 13 -

namely formaldehyde-free products, for the payments made to Defendant, and thus Plaintiff and the Class were unjustly deprived.

63.     It would be inequitable and unconscionable for Defendant to retain the profit, benefit and/or other compensation it obtained from its deceptive, misleading, and unlawful conduct alleged herein.

64.     Plaintiff and members of the Class seek restitution from Defendant, and seek an order of this Court disgorging all profits, benefits, and other compensation obtained by Defendant from its wrongful conduct.

### SIXTH CAUSE OF ACTION
### (Breach of Contract)

65.     Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraph, with the same force and effect as though fully set forth herein.

66.     Plaintiff and each member of the Class entered into an agreement with Defendant to purchase Defendant's Brazilian Blowout products which were supposed to be formaldehyde-free.  Defendant contracted to supply formaldehyde-free products when it expressly represented that the Brazilian Blowout products did not contain formaldehyde, and implicitly warranted that the products were free from any prohibited ingredients and otherwise complied with federal and state statutes.  These were material express and implied terms of the contracts of sale.

67.     Pursuant to the agreement with Defendant, Plaintiff and the Class paid for the products they ordered, and otherwise complied with all material provisions of those agreements.

68.     Defendant has materially breached the contract(s) of sale by supplying Plaintiff and the Class with products that contain formaldehyde at unacceptable levels.

69.     Defendant's actions constitute breaches of contract, and/or render the contracts of sale unenforceable, unconscionable and void under public policy.

70.     As a result of Defendant's wrongful conduct, Plaintiff and the members of the Class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the monies paid to GIB, LLC for its Brazilian Blowout products that contain formaldehyde, taxes paid on those amounts, shipping costs, and any interest that would

have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the proposed Class pray for the following relief:

A.      That the Court declare that this action may be maintained as a class action under Federal Rule of Civil Procedure 23, and certify Plaintiff as representative of the Class and designate her counsel as counsel for the Class;

B.      That the Court, pursuant to Business and Professions Code § 17203, issue a temporary restraining order and preliminary and permanent injunction enjoining Defendant, its agents, employees, assigns and all persons acting in concert or participating with it from conducting its business through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in this Complaint;

C.      That the Court order Defendant to disgorge all monies wrongfully obtained and all revenues derived by Defendant as a result of its acts or practices as alleged in this Complaint;

D.      That the Court order Defendant to pay restitution to restore to all affected persons all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair or a fraudulent business act or practice, plus pre- and post- judgment interest thereon;

E.      That the Court order Defendant to notify all customers who incurred the charges at issue in this Complaint of the pendency of the claims set forth in this action for purposes of providing restitution for such purchasers;

F.      That the Court order Defendant to pay compensatory and general damages according to proof;

G.      That the Court order Defendant to pay punitive and exemplary damages according to proof;

H.      That the Court order Defendant to pay any other such relief, fees, costs and interest as provided by the statutes cited herein;

I.      That the Court grant Plaintiff reasonable attorneys' fees and costs of suit; and

J.      That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on each and every cause of action.

DATED: November 5, 2010

By: _____
    LAURA J. BAUGHMAN (SBN 263944)
    BARON & BUDD, P.C.
    3102 Oak Lawn Ave., Ste. 1100
    Dallas, TX 75219
    -and-
    1999 Avenue of the Stars, Suite 3450
    Los Angeles, CA 90067
    lbaughman@baronbudd.com
    Telephone: 214-521-3605
    Facsimile: 214-520-1181

    APRIL STRAUSS (SBN 163327)
    LAW OFFICE OF APRIL STRAUSS
    2500 Hospital Drive, Suite 3B
    Mountain View, CA  94040
    Telephone: 650-281-7081
    Fax: 408-774-1906

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV10- 8452 JFW (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

COPY

Name & Address:
GIB, LLC
6855 Tujunga Avenue
North Hollywood, CA 91605

**BY FAX**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

April Kyle, Individually and on Behalf of All Others
Similary Situated,

PLAINTIFF(S)

v.

GIB, LLC, and DOES 1-100, inclusive,

DEFENDANT(S).

CASE NUMBER

CV10 8452   JFW   (MANx)

**SUMMONS**

TO:   DEFENDANT(S): GIB, LLC, C/o Registered Agent Kenny Birstein, 15143 Hartsook Street, Sherman Oaks, CA 91403

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Laura J. Baughman/Baron & Budd, PC , whose address is 3102 Oak Lawn Avenue, Suite 1100, Dallas, TX 75219 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____NOV - 5 2010_____

By: _____

**CHRISTOPHER POWERS**

Deputy Clerk

(Seal of the Court)

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

COPY

BY FAX

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Kyle, April, Individually and on Behalf of All Others Similarly Situated

**DEFENDANTS**
GIB, LLC
6855 Tujunga Avenue
North Hollywood, CA 91605

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Laura J. Baughman, Baron & Budd, P.C.
1999 Avenue of the Stars, Suite 3450, Los Angeles, CA 90067 (310-860-0476)
OR SEE ATTACHMENT

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No          ☐ MONEY DEMANDED IN COMPLAINT: $ >$5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Alleging Fraud, Breach of Contract, and Violation of CA BUS & PROF Code §§ 17200 and 17500

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   CV10   8452

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Texas |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, CA |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, CA |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER):   _Sam Vaughn_   Date 11/5/2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |