Hartford O. Brown, Bar No. 190507
Jasmin Morad, Bar No. 250483
KLINEDINST PC
777 South Figueroa Street, 47th Floor
Los Angeles, California  90017
(213) 607-2115/FAX (213) 607-2116
hbrown@klinedinst.com
jmorad@klinedinstlaw.com

Greg A. Garbacz, Bar No. 167007
Gabe P. Wright, Bar No. 208647
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California  92101
(619) 239-8131/FAX (619) 238-8707
ggarbacz@klinedinstlaw.com
gwright@klinedinstlaw.com

Attorneys for Defendant,
GIB, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL KYLE and GEORGE BAKUS, individually, and on Behalf of All Others Similar Situated,<br><br>Plaintiff,<br><br>v.<br><br>GIB, LLC, and DOES 1-10, inclusive,<br><br>Defendant. | Case No.   CV 10-8452 JFW (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION**<br><br>Courtroom:          6<br>Judge:               Honorable John F. Walter<br>Magistrate Judge:  Honorable Margaret A. Nagle<br>Complaint Filed:   November 5, 2010<br>Trial Date:          None set |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the Parties' Stipulation filed on February 9, 2011, the terms of the protective order to which the Parties have agreed are adopted as a protective order of this Court except to the extent, as set forth below, that those terms have been modified by the Court's amendment of Paragraphs 4, 5, 6 and 9 of, and Exhibits A and B to, the Stipulation.

The Parties are expressly cautioned that the designation of any information,

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

- 1 -

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

document, or thing as "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS EYES ONLY," or other designation(s) used by Parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the Parties' designation of any information, document, or thing as "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS EYES ONLY," or other designation(s) used by Parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The Parties' mere designation of any information, document, or thing as "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS EYES ONLY," or other designation(s) used by Parties, does not – without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable – constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted.

If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE, WITH RESPECT TO FILINGS UNDER SEAL.**

**<u>TERMS OF PROTECTIVE ORDER</u>**

**1.   <u>DEFINITIONS</u>.**

     1.1   As used herein, the term "CONFIDENTIAL Information" means:  (a) any type of information that constitutes a trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; (b) any type of information that is otherwise entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, including but not limited to formulas, product information, confidential customer lists etc.; (c) any type of financial information that has not been made public and the disclosure of which the disclosing party contends would cause substantial harm to the disclosing party's or a third party's financial privacy, business operations or interests, or divulge a party or third party's personal financial affairs or transactions, including, but not limited to, any contact information, business information, invoices, receipts, amount or source of any income, profits, revenues, losses, or expenditures of any person, firm, partnership, corporation, or other organization, tax returns or tax related documents, any financial statements or financial documents, banking records, accounts payable, accounts receivable, financial statements, or financial performance data; (d) medical information, including, but not limited to, medical records; or (e) data or

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

analysis derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; and/or (f) any other type of information that has been held to be private and/or confidential in any precedential case decided by the U.S. Supreme Court, the Ninth Circuit, the Federal Court of Appeals, the California Supreme Court, and the California Courts of Appeal; and (g) any type of information gathered/secured from any third-parties during the course of discovery that falls within the scope of Section 1.1(a)-(f);

1.2     As used herein, the term "CONFIDENTIAL-ATTORNEYS EYES ONLY Information" means any CONFIDENTIAL Information (as defined by Section 1.1) that any party believes would affect its competitive position or security interests in an adverse manner.  The designation of CONFIDENTIAL-ATTORNEYS EYES ONLY shall be limited to Discovery Materials that the disclosing party believes in good-faith contains extremely sensitive CONFIDENTIAL Information whose disclosure to another party or third-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

1.3     For purposes of this Protective Order, "Discovery Materials" shall include documents and information produced pursuant to Rules 26, 30, 31, 33, and 34 of the Federal Rules of Civil Procedure, including, but not limited to, interrogatory responses, deposition testimony, subpoenas, private mediation or other alternative dispute resolution, and all other documents and information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials.  Discovery Materials shall be used for the prosecution and defense of this action only.

1.4     As used herein, the terms "Document" or "Documents" mean documents and writings, as defined by Federal Rule of Civil Procedure 34, including, but not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings,

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA  90017

- 4 -

company records and reports, any and all electronic data or discovery, including copies or computer-stored versions of any of the foregoing.

**2.      DESIGNATION OF DISCOVERY MATERIALS AS CONFIDENTIAL AND CONFIDENTIAL-ATTORNEYS EYES ONLY.**

2.1      This Protective Order applies to all Discovery Materials containing confidential information disclosed or utilized in this action on or after January 1, 2011, that are designated by a party or a third party as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY under this Protective Order, as defined below, whether such disclosure is by order of the Court, in response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, voluntary disclosure between the Parties, or any other discovery undertaken in this action.

2.2      Subject to the timeframe set forth in Paragraph 2.1, the Parties may protect Discovery Materials containing information that they believe constitutes or contains CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY Information by designating such information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY, as defined above, prior to or at the time of disclosure.  Such designation shall be accomplished by placing the appropriate designation on the first page of each document so designated or by any other reasonable methods.  In the case of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY Information disclosed in a non-paper medium (*e.g.*, electronic data, hard drives, videotape, audiotape, computer disks, etc.), the appropriate designation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the confidential information contained therein.

2.3      Information designated CONFIDENTIAL or CONFIDENTIAL-

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

1   ATTORNEYS EYES ONLY shall be used <u>only</u> for the purposes of this litigation

2   and may not be disclosed by any party to which or whom that information is

3   produced or disclosed to any third party not involved with the lawsuit, including,

4   but not limited to, any and all counsel for plaintiffs outside of the consolidated

5   actions which are now collectively captioned In Re Brazilian Blowout Litigation,

6   other than by Court order.

7       2.4     The Parties and third parties shall use reasonable care and act in good

8   faith to avoid designating any documents or materials as CONFIDENTIAL or

9   CONFIDENTIAL-ATTORNEYS EYES ONLY that are not entitled to such

10  designation or that are generally available to the public.  If any party is determined

11  by the Court to have abused the CONFIDENTIAL or CONFIDENTIAL-

12  ATTORNEYS EYES ONLY designation, that party may be subject to monetary or

13  other sanctions as determined by the Court.

14  **3.      <u>DEPOSITIONS.</u>**

15      3.1     During oral depositions, counsel may examine any witness about

16  CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY Discovery

17  Materials.  Any CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES

18  ONLY document so referred to may be marked as an exhibit, but no such

19  CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY document,

20  or any portion thereof, shall be attached to any publicly available deposition or

21  other transcript.  The deposition reporter and/or videotape operator shall be

22  informed of this Protective Order by the party or third party seeking to invoke its

23  protection with respect to the CONFIDENTIAL or CONFIDENTIAL-

24  ATTORNEYS EYES ONLY document.  The court reporter and/or videotape

25  operator shall then place on the cover of any such separate transcript or videotape

26  the words "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL-

27  ATTORNEYS EYES ONLY" as appropriate.  Counsel for the Parties shall then

28  take appropriate steps to prevent such transcript or videotape designated pursuant

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

- 6 -

to this Protective Order from being disclosed to any person, other than as provided for herein.

3.2    With respect to the examination of witnesses upon oral deposition, when the deponent's testimony contains, reflects, or comments on information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY, those portions of the deposition transcript designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY shall be so marked including the exhibits containing CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY documents, and shall be bound under seal separately from the non-confidential portions of the transcript.

3.3    The Parties may agree to other procedures and/or protections with the Court's approval so as to assure that information and documents disclosed during the deposition retain their CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY status in conformity with this Protective Order.

## 4.    DEPONENTS AND THIRD PARTY WITNESSES BOUND BY THIS ORDER.

4.1    Each expert, consultant, deponent or witness to whom any party proposes to disclose CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY Information at a deposition, trial, or other proceeding shall be given a copy of this Protective Order and informed of its contents and shall be bound by the obligations of confidentiality and non-disclosure as set forth in this Protective Order, and in particular by Paragraphs 2.3, 5.1, 5.3, 5.4, and 5.5, **if they sign a document in the form of Exhibit A hereto.**

4.2    In the event that an expert, consultant, or third-party is not willing to be bound by the terms of this Protective Order, the Parties may question such person using CONFIDENTIAL and CONFIDENTIAL-ATTORNEYS EYES ONLY documents.  The Parties agree to otherwise abide by this agreement.  Upon receipt of any deposition notice, Counsel shall, to the extent known, inform the

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA  90017

noticing Party if the noticed deponent has indicated that he/she is not willing to be bound by the terms of this Protective Order.

4.3    The Parties agree to cooperate with the Court at trial with respect to the treatment of CONFIDENTIAL and CONFIDENTIAL-ATTORNEY EYES ONLY Discovery Materials at the time of trial.  The Parties' cooperation shall not serve as a waiver to any objection to the CONFIDENTIAL and CONFIDENTIAL-ATTORNEY EYES ONLY Discovery Materials at the time of trial, including but not limited to any and all evidentiary objections.  By **stipulating to the entry of this** Protective Order, no party is waiving its right to question witnesses at trial with or about documents designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY nor is any party waiving its right to enter such documents into evidence.  Although all Parties agree to cooperate in this regard, the party that designated documents as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY shall have the responsibility of **seeking to secure a further Court order to protect the confidentiality of information, documents, or things designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY that are discussed in Court proceedings and/or entered into evidence.**  Nothing herein shall be construed to be an agreement of admissibility of any such documents pursuant to the Federal Rules of Evidence, and each party expressly reserves his, her and its right to assert all such objections to the introduction of such documents into evidence.

5.    **DISCLOSURE OF DESIGNATED DISCOVERY MATERIALS.**

5.1    All Discovery Materials designated as CONFIDENTIAL and CONFIDENTIAL-ATTORNEYS EYES ONLY shall be maintained in confidence and shall not be disclosed, directly or indirectly, to any person except as provided in this Protective Order.

5.2    While the disclosure of designated Discovery Materials under this Protective Order to persons not authorized by this Protective Order may, by

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

- 8 -

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

definition, be prejudicial to the privacy, financial, business, or operations of the designating party or third party, the appropriate confidential designations should not be overused.

5.3     Discovery Materials designated as CONFIDENTIAL and any copies thereof, and information obtained from inspecting such CONFIDENTIAL Information and notes made therefrom, shall not be used by any person for any purpose other than the litigation of this action, except with prior written consent of Counsel for the Party, or third party, that produced such designated CONFIDENTIAL Information or with the prior Order of this Court.  Designated CONFIDENTIAL Information and any copies thereof and notes made therefrom, shall be disclosed only to qualified persons, **as set forth below:**

5.3.1  Counsel for the Parties only (excluding any other attorneys/counsel involved in any other case/matter/or potential matter);

5.3.2  Pursuant to paragraph 4.1, deponents and counsel for deponents at their depositions;

5.3.3  Non-technical and clerical staff employed by counsel for the respective Parties in connection with the preparation for and the trial of this action;

5.3.4  Independent personnel retained or consulted by counsel for the Parties to furnish technical or other expert services or advice or to give expert testimony; and/or

5.3.5  The Parties, officers of and employees of a party, and witnesses where needed for the preparation for and trial of this action.

5.3.6  Any third-party **or later-joined** defendant who executes and agrees to the terms and conditions of this Protective Order, **by signing a document in the form of Exhibit A hereto,** will be bound by the terms and conditions of the Protective Order.  In the event that any third-party **or later-joined** defendant refuses to agree to the terms and conditions of this Protective Order, the Parties may question employees, consultant and experts of the third-party **or later-joined**

defendant with and about documents designated as CONFIDENTIAL and CONFIDENTIAL-ATTORNEYS EYES ONLY, and the Parties will continue to otherwise abide by the terms of this Protective Order by sealing confidential portions of deposition transcripts and taking all other appropriate actions.

5.4     Counsel for each party shall restrict access to Discovery Materials designated as CONFIDENTIAL-ATTORNEYS EYES ONLY produced by any other party or third-party by limiting the dissemination of such materials solely to attorneys representing the Parties in this consolidated action which is captioned In Re Brazilian Blowout Litigation, including in-house counsel for a party ("Counsel of Record") and not to any other counsel involved in any other case, matter, or potential matter.  Non-technical and clerical staff (such as secretaries and paralegals) employed by attorneys representing the Parties in this consolidated action may have access to CONFIDENTIAL-ATTORNEYS EYES ONLY documents for purposes of doing their jobs and are bound by the terms of the confidentiality of the same (just as Counsel of Record).  Any and all further disclosure of CONFIDENTIAL-ATTORNEYS EYES ONLY Discovery Materials are governed by provisions of subparagraph 5.4.1-5.4.2.

5.4.1  No copies, extracts, or summaries of any CONFIDENTIAL-ATTORNEYS EYES ONLY Discovery Materials shall be made except by or on behalf of Counsel of Record; and any such copies, extracts or summaries shall be designated or treated as CONFIDENTIAL-ATTORNEYS EYES ONLY Discovery Materials and shall not be delivered or exhibited to any persons except as provided by this Protective Order

5.4.2  Counsel of Record may allow access to CONFIDENTIAL-ATTORNEYS EYES ONLY Discovery Materials produced by another party to third-party defendants, experts, and consultants, including consultants designated to testify as expert witnesses, provided:

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

(a)     Such experts and consultants shall not be permitted to disclose any information on a matter involving competitive decision making (as used in this Protective Order, "competitive decision making" shall mean activities, association and relationship with a competitor that are such to involve advice and participation in any and all of the competitor's decisions (pricing, product design, etc.) contained in documents labeled  CONFIDENTIAL-ATTORNEYS EYES ONLY to a competitor of the producing party while the above-entitled litigation is pending or until at least twelve (12) months after the conclusion of this litigation absent the consent of the producing party.  Consent of the producing party shall not be withheld absent compelling grounds.  If such expert or consultant is an employee of a competitor of the producing party, such expert or consultant will not disclose any information on a matter involving competitive decision making to anyone else employed by his or her employer or to another competitor of the producing party while the above-entitled litigation is pending or until at least twelve (12) months after the conclusion of this litigation, absent the consent of the producing party.

(b)     The limitations provided by Section 5.4.2(a)  as to experts and/or consultants shall <u>not</u> apply in any way to third-party defendants currently or later joined in the consolidated actions, which are now collectively captioned In Re Brazilian Blowout Litigation.

(c)     That before receiving or having such, the third-party **or later-joined defendant**, expert or consultant shall first be provided with a copy of this Protective Order and shall execute a Declaration in the form attached as Exhibit B.  Counsel of record disclosing CONFIDENTIAL-ATTORNEYS EYES ONLY Discovery Materials to third-party **or later-joined defendants,** consultants and/or experts shall be responsible for obtaining the executed undertaking in advance of such disclosure and also shall retain the original executed copy of said undertaking.

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

5.5     No designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS-EYES ONLY information received by any party in this lawsuit may be revealed or disclosed to any person or entity not described in Section 4.3, 5.3 and 5.4, including, but not limited to, members of the press.

5.6     Each (a) outside vendor used as support personnel for counsel of record, and (b) consultant authorized pursuant to this Order, shall, prior to being given access to designated information, acknowledge in writing his or her familiarity with the terms of this Protective Order and execute a declaration in the form specified in Exhibit B, attached hereto.

5.7     Nothing herein shall prohibit a party, or its counsel, from disclosing a document that contains CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY Information to the person whom the document identifies as an author, or who was in fact an author, addressee, or recipient of such document. Discovery Materials produced by a party or third party that are otherwise in the possession, custody or control of an opposing party may not be deemed confidential, nor may public documents be deemed confidential.

5.8     Nothing herein shall prohibit a party, or its counsel, from disclosing a document that contains CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY Information to an insurer in any dispute involving insurance coverage, for defense and/or indemnity related to the action.  Nothing herein shall prohibit a party, or its counsel, from disclosing a document designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY to the employees, experts and consultants of the party that designated the document as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY.

5.9     **Nothing herein shall prohibit a party or its counsel from disclosing a document that contains CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES only information to the Court, its personnel, and jurors in connection with the litigation and trial of this case.**

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

- 12 -

**6.    FILING OR LODGING UNDER SEAL.**

6.1    If any party seeks to file or lodge with the Court any Discovery Materials, including deposition transcripts or videotapes and/or electronic data/media, that contain designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY Information, such materials shall be submitted to the Court with an application to file under seal in accordance with this Court's Civil Local Rule 79.5.1 and Judge John Walter's Standing Order for Case No. CV-10-8452, Section 9 entitled "Proposed Protective Orders and Filings Under Seal."

6.2    An application to file said documents under seal and a proposed order in compliance with Judge Walter's Standing Order for Case No. CV-10-8452, Section 9 entitled "Proposed Protective Orders and Filings Under Seal," must be filed concurrently with the filing or lodging of documents under seal.

6.3    **[OMITTED BY COURT]**

**7.    CHALLENGING A DESIGNATION.**

7.1    In the event that any party at any time believes that information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY should not be so designated, or that a different designation should be employed, such counsel shall so notify the designating party in writing.  Counsel of record for the complaining and designating Parties then shall meet and confer in good faith pursuant to this Court's Civil Local Rule 7.3 and 37-1 concerning the informal resolution of the designation dispute.  If agreement is not reached, the complaining party may file a motion requesting that the Court order the removal of the designating party's designation or order a different designation.  In such a proceeding, the designating party bears the burden of showing good cause with respect to any challenged designation.  The designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY Discovery Materials shall be subject to and protected by this Protective Order under the designation assigned by

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

the designating party until the Court has ruled on any such motion.  The Parties

may stipulate, with the Court's approval and order, that such determinations may

be made by *ex parte* application and/or on shortened notice.

7.2    If any party takes a writ or appeal from the Court's ruling on any such

motion, that party may apply for a stay pending determination of the writ or

appeal.

7.3    No party shall be obliged to challenge the propriety of a designation,

and a failure to do so shall not preclude a subsequent attack on the propriety of

such designation, up to and through the time of trial.

**8.    INADVERTENT DISCLOSURE.**

8.1    The inadvertent failure to designate information under this Protective

Order prior to or at the time of disclosure shall not operate as a waiver of a party's

right to designate such information under this Protective Order so long as such

party takes steps to correct the designation of such information within a reasonable

time.

8.2    In the event that confidential information is designated as

CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY after

disclosure, the receiving party shall employ reasonable efforts to ensure that all

inadvertently disclosed information is subsequently treated as required pursuant to

the terms of this Protective Order.

**9.    MISCELLANEOUS.**

9.1    Discovery Materials designated CONFIDENTIAL or

CONFIDENTIAL-ATTORNEYS EYES ONLY shall be maintained in the custody

of outside counsel of record for the Parties and Parties in-house counsel, except

that:  (a) any court reporter who transcribes testimony given in this action may

maintain any such designated documents for the purpose of rendering his or her

normal transcribing services; and (b) partial or complete copies of such documents

may be retained by consultants entitled to see such documents under the terms of

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

this Protective Order to the extent necessary for their study, analysis, and preparation of the case, and a witness who is to read a deposition transcript may have possession of the material for that purpose.  A person with custody of documents designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY shall maintain them in a manner that limits access to those documents to only those persons entitled under this Protective Order to access them.  Nothing herein shall prevent the showing of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY Discovery Materials to any actual or potential witness at any time, provided the provisions of this Stipulation are complied with, nor shall it affect the right of any party to show documents to a witness who is shown as, or in fact was, a recipient of a CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY document.

9.2     Unless the counsel for the Parties agree otherwise in writing, at the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, all copies of any documents or Discovery Materials – other than attorney work product, containing information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY produced by a party or third party **and documents filed with the Court** – shall be destroyed or returned to the party or third party producing such documents or writings.  Notwithstanding the foregoing, counsel of record shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases.

9.3     The provisions of this Protective Order apply to all proceedings in this action, including all appeals, arbitrations (if any occur by agreement of the Parties), and proceedings upon remand.  However, to the extent that a designating party wishes to seal records sought to be introduced at trial or as evidence in support of a motion by it or by another party, that designating party shall be required to file an appropriate motion **or application** with the Court pursuant to this Court's Civil

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

- 15 -

Local Rule 79.5.1 and Judge John Walter's Standing Order for Case No. CV-10-8452, Section 9 entitled "Proposed Protective Orders and Filings Under Seal,"

9.4    A designation pursuant to this Protective Order shall be effective and shall be respected by the Parties and all persons in any way involved in these proceedings or to whose attention CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY Information shall come unless and until otherwise ordered by the Court or stipulated by the Parties whose documents are in issue. These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the Parties stipulate that designated information can be disclosed.

9.5    By entering into this Protective Order, no party waives the right to assert CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY material is not, or should not be treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY or any objections it might have to the production of any documents, or other form of information, covered by this Protective Order, except that if a party produces material under this Protective Order it/he/she shall not withhold that material from production in response to a request for documents, based on the assertion that the request seeks confidential, private, proprietary or trade secret information.  Nothing in this Protective Order shall preclude the Parties from arguing that the Court and/or any appointed Referee can or should review any designated document or Discovery Materials *in camera*.

9.6    No party to this action, by **stipulating to the entry of this Protective** Order, by designating certain information under this Protective Order, or by acquiescing in any other party's or third-party's such designation, shall be deemed to have admitted anything relative to the attorney-client privilege/work-product and/or confidential, private, proprietary, and/or trade secret status of such information.

9.7    The Parties to this Protective Order may seek by noticed motion a

- 16 -

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

Court order altering or modifying this protective order or modify it by an agreement in writing signed by counsel for all Parties.  The Court may alter or modify the terms of this Protective Order as it deems appropriate.

9.8     The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments to the Protective Order as the Court may from time to time deem appropriate.

The Parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY Information.

**IT IS SO ORDERED.**

Date:  April 6, 2011

_Margaret A. Nagle_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

# EXHIBIT A

1   Hartford O. Brown, Bar No. 190507
    Jasmin Morad, Bar No. 250483
2   KLINEDINST PC
    777 S. Figueroa St., 47th Floor
3   Los Angeles, California  90017
    (213) 607-2115/FAX (213) 607-2116
4   hbrown@klinedinstlaw.com
    pchami@klinedinstlaw.com
5
    Greg A. Garbacz, Bar No. 167007
6   Gabe P. Wright, Bar No. 208647
    KLINEDINST PC
7   501 West Broadway, Suite 600
    San Diego, California  92101
8   (619) 239-8131/FAX (619) 238-8707
    ggarbacz@klinedinstlaw.com
9   gwright@klinedinstlaw.com

10  Attorneys for Defendant
    GIB, LLC

11

UNITED STATES DISTRICT COURT

12

CENTRAL DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14   APRIL KYLE and GEORGE BAKUS, individually, and on Behalf of All Others Similar Situated, | Case No.   CV 10-8452 JFW (MANx) |
| 15 | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |
| 16             Plaintiffs, | |
| 17    v. | |
| 18   GIB, LLC, and DOES 1-10, inclusive, | |
| 19 | |
| 20        Defendants. | |

21      THE UNDERSIGNED ACKNOWLEDGE, AGREE, AND CERTIFY AS

22   FOLLOWS:

23      1.   The undersigned has/have been requested by _____to review

24   CONFIDENTIAL materials provided in this litigation.   The undersigned

25   acknowledge that _____ has made them aware of the existence of the

26   Protective Order ("Order"), and has discussed it with them.

27      2.   The undersigned has/have received a copy of the Order, and has/have

28   read and understand the content thereof.

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

- 1 -

777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017
KLINEDINST PC

3.     The undersigned acknowledge that documents reviewed in this litigation are CONFIDENTIAL, the review of such documents is subject to the terms, conditions, and restrictions of this Order, and the contents of the CONFIDENTIAL material may not be revealed, characterized, communicated, summarized or otherwise made available or disclosed in whole or in part to any other person or entity, except pursuant to the terms, conditions, and restrictions of this Order.

4.     The undersigned agree to abide by the terms, conditions, and restrictions of this Order, and acknowledges such by executing this Exhibit A, which is a part of the Order.

DATE:

Printed Name: _____   Signature: _____

Address:        _____

Telephone No.:_____

Capacity:        _____

DATE:

Printed Name: _____   Signature: _____

Address:        _____

Telephone No.:_____

Capacity:        _____

DATE:

Printed Name: _____   Signature: _____

Address:        _____

Telephone No.:_____

Capacity:        _____

///

///

///

- 2 -

1   DATE:

2   Printed Name: _____ Signature: _____

3   Address:          _____

4   Telephone No.:_____

5   Capacity:         _____

6   DATE:

7   Printed Name: _____ Signature: _____

8   Address:          _____

9   Telephone No.:_____

10  Capacity:         _____

11  DATE:

12  Printed Name: _____ Signature: _____

13  Address:          _____

14  Telephone No.:_____

15  Capacity:         _____

16  DATE:

17  Printed Name: _____ Signature: _____

18  Address:          _____

19  Telephone No.:_____

20  Capacity:         _____

21  DATE:

22  Printed Name: _____ Signature: _____

23  Address:          _____

24  Telephone No.:_____

25  Capacity:         _____

26

27

28

Klinedinst PC
777 S. Figueroa St., 47th Floor
Los Angeles, California 90017

**PROTECTIVE ORDER**
Case No. CV 10-8452 JFW (MANx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

# EXHIBIT B

1 Hartford O. Brown, Bar No. 190507
Jasmin Morad, Bar No. 250483
2 KLINEDINST PC
777 S. Figueroa St., 47th Floor
3 Los Angeles, California  90017
(213) 607-2115/FAX (213) 607-2116
4 hbrown@klinedinstlaw.com
pchami@klinedinstlaw.com
5

6 Greg A. Garbacz, Bar No. 167007
Gabe P. Wright, Bar No. 208647
7 KLINEDINST PC
501 West Broadway, Suite 600
8 San Diego, California  92101
(619) 239-8131/FAX (619) 238-8707
9 ggarbacz@klinedinstlaw.com
gwright@klinedinstlaw.com

10 Attorneys for Defendant,
GIB, LLC
11

12                          UNITED STATES DISTRICT COURT

13                          CENTRAL DISTRICT OF CALIFORNIA

14 APRIL KYLE and GEORGE            Case No.   CV 10-8452 JFW (MANx)
   BAKUS, individually, and on
15 Behalf of All Others Similar     **DECLARATION RE:  PROTECTIVE**
   Situated,                        **ORDER ENTERED PURSUANT TO**
16                                  **THE PARTIES' STIPULATION**
                   Plaintiffs,
17
        v.
18
   GIB, LLC, and DOES 1-10,
19 inclusive,

20                 Defendants.

21        I,  DECLARANT  _____ACKNOWLEDGES,  AGREES,  AND

22 DECLARES AS FOLLOWS:

23        1.      I  have  been  requested  by  _____  to  review  CONFIDENTIAL-

24 ATTORNEYS EYES ONLY materials provided in this litigation.  I acknowledge

25 that  _____  has  made  me  aware  of  the  existence  of  the  Protective  Order

26 ("Order"), and have discussed it with him/her/it.

27        2.      I  acknowledge  that  documents  reviewed  in  this  litigation  are

28 CONFIDENTIAL-ATTORNEYS EYES ONLY, the review of such documents is

777 S. Figueroa St., 47th Floor
Los Angeles, California 90017
Klinedinst PC

subject to the terms, conditions, and restrictions of this Order, and the contents of the CONFIDENTIAL-ATTORNEYS EYES ONLY Discovery Materials may not be revealed, characterized, communicated, summarized or otherwise made available or disclosed in whole or in part to any other person or entity, except pursuant to the terms, conditions, and restrictions of this Order.

3.      This Section 3 shall <u>only</u> apply to experts and/or consultants as set forth in Section 5.4.2 of the Order. I have received a copy of the Order, and have read and understand the content thereof.   As such, *I, expert and/or consultant, declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct:*

I, expert and/or consultant, understand that I am not permitted to disclose any information on a matter involving competitive decision making ("competitive decision making" shall mean activities, association and relationship with a competitor that are such to involve advice and participation in any and all of the competitor's decisions (pricing, product design, etc.)  contained in documents labeled  CONFIDENTIAL-ATTORNEYS EYES ONLY to a competitor of the producing party while the above-entitled litigation is pending or until at least twelve (12) months after the conclusion of this litigation, absent the consent of the producing party.  If I am an employee of a competitor of the producing party, I will not disclose any information on a matter involving competitive decision making to anyone else employed by my employer or to another competitor of the producing party while the above-entitled litigation is pending or until at least twelve (12) months after the conclusion of this litigation, absent the consent of the producing party.

///

///

///

///

PROTECTIVE ORDER
Case No. CV 10-8452 JFW (MANx)

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA  90017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

4.    I agree to abide by the terms, conditions, and restrictions of this Order, and acknowledge such by executing this Exhibit B and declaring these facts, which is a part of the Order.

DATE:

Printed Name: _____   Signature: _____

Address:    _____

Telephone No.:_____

Capacity:    _____

- 3 -